

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable D. C. Greer
State Highway Engineer
Texas Highway Department
Austin, Texas

Dear Sir:

Opinion No. O-7108

Re: May the Highway Department, or
the county, acting on behalf of
the department, under Article
6674n, R. C. S., 1925, as
amended, acquire by purchase or
by condemnation the right of way
required in a home-rule city
for the construction of a State
highway, and two related ques-
tions?

We are in receipt of your recent request for an
opinion of this department on the above stated matter. We
quote from your letter of request as follows:

"The Highway Commission is contemplating desig-
nating and ordering the construction of a state
highway within the limits of a home-rule city,
and at the out-set it is informed that while the
city is willing to give its consent to the con-
struction, it is not willing to acquire for the
State the right of way needed for the project.
Some, if not all, of the right of way is private
property and would have to be condemned. The city
will not condemn it for the State but expresses its
willingness for such property to be condemned by
the State if it can be done. Under these facts,
will you please give us your opinion in answer to
the following questions:

"(1) May the Department, or the county, acting
on behalf of the Department, as provided in
Article 6674n, Revised Civil Statutes, 1925,
acquire by purchase or by condemnation the right
of way required in a home-rule city for the con-
struction of a state highway?

Hon. D. C. Greer, page 2

"(2) Can the city, either by ordinance, or by agreement with the State under the terms of Article 6673b, legally delegate, transfer or pass on to the Highway Department or the county acting for the Department, its authority to condemn such right of way?

"In the event such right of way cannot be condemned in either manner suggested by the preceding questions, then please advise if the Governor of Texas could secure such right of way for the Department under the provisions of Article 5240 of the Revised Civil Statutes, 1925, assuming, of course, that the Governor is willing to act in this instance."

Article 1175, (Acts 1921), Vernon's Annotated Civil Statutes of Texas, enumerates various powers of home-rule cities. Subdivision 16 of said article provides in part as follows:

"To have exclusive dominion, control, and jurisdiction in, over and under the public streets, avenues, alleys, highways and boulevards, and public grounds of such city and to provide for the improvement of any public street, alleys, highways, avenues or boulevards by paving, raising, grading, filling or otherwise improving the same . . ."

Art. 1082 (Acts 1875), V. A. C. S., provides in part as follows:

"The city council shall be invested with full power and authority to grade, gravel, repair, pave or otherwise improve any avenue, street or alley, or any portion thereof, within the limits of said city, whenever, by a vote of two-thirds of the aldermen present, they may deem such improvement for the public interest; . . ."

Art. 1086 (Acts 1909), V. A. C. S., provides in its entirety as follows:

"Towns, cities and villages, incorporated under either general or special law, which shall accept the benefits of this chapter as herein provided, shall have power to improve any highway within their limits, by filling, grading, raising, paving or repaving the same in a permanent manner, or by the construction or reconstruction of sidewalks, curbs and gutters, or by widening, narrowing or straightening the same, and to

Hon. D. C. Greer, page 3

construct necessary appurtenances thereto, including sewers and drains. 'City,' when used herein, shall include all incorporated towns, cities and villages, and the term 'highway' shall include any street, avenue, alley, highway, or public place or square, or portion thereof, dedicated to public use."

Art. 6673 (Acts 1923), V. A. C. S., provides in part as follows:

"The Commission is authorized to take over and maintain the various State Highways in Texas, and the counties through which said highways pass shall be free from any cost, expense or supervision of such highways. . . ."

Art. 6673b (Acts 1939), V. A. C. S., provides in its entirety as follows:

"The State Highway Commission is hereby authorized and empowered, in its discretion, to enter into contracts or agreements with the governing bodies of incorporated cities, towns, and villages, whether incorporated under the home rule provisions of the Constitution, Special Charter, or under the General Laws, providing for the location, relocation, construction, reconstruction, maintenance, control, supervision, and regulation of designated State highways within or through the corporate limits of such incorporated cities, towns, and villages, and determining and fixing the respective liabilities or responsibilities of the parties resulting therefrom; and such incorporated cities, towns, and villages are hereby authorized and empowered, through the governing bodies of such cities, towns, and villages to enter into such contracts or agreements with the State Highway Commission."

Art. 6674n (Acts 1925, as amended Acts 1935), V. A. C. S., provides in its entirety as follows:

"Whenever, in the judgment of the State Highway Commission, the use or acquisition of any land for road, right of way purposes, timber, earth, stone, gravel or other material, necessary or convenient to any road to be constructed, reconstructed, maintained, widened, straightened or lengthened, or land not exceeding one hundred (100) feet in width for stream bed diversion in connection with the locating, relocating or construction of a designated State

Hon. D. C. Greer,  page 4

Highway by the State Highway Commission, the same may
be acquired by purchase or condemnation by the County
Commissioners Court.  Provided that the County in which
the State Highway is located may pay for same out of the
County Road and Bridge Fund, or any available county
funds.

"Any Commissioners' Court is hereby authorized to
secure by purchase or by condemnation on behalf of the
State of Texas, any new or wider right of way or land
not exceeding one hundred (100) feet in width for
stream bed diversion in connection with the locating,
relocating or construction of a designated State
Highway, or land or lands for material or borrow pits,
to be used in the construction, reconstruction, or
maintenance of State Highways and to pay for the same
out of the County Road and Bridge Fund, or out of any
special road funds or any available county funds.  The
State Highway Commission shall be charged with the duty
of furnishing to the County Commissioners' Court the
plats or field notes of such right of way or land and
the description of such materials as may be required,
after which the Commissioners' Court may, and is hereby
authorized to purchase or condemn the same, with title
to the State of Texas, in accordance with such field
notes.  Provided that in the event of condemnation by
the County the procedure shall be the same as that set
out in Title 52, Articles 3264 to 3271, inclusive,
Revised Civil Statutes of Texas, of 1925.  Provided
that if the County Commissioners Court of any County in
which such right of way is, in the judgment of the
State Highway Commission, necessary for the construction
of a part of a designated State Highway shall fail or
refuse to secure by purchase or by condemnation for or
on behalf of the State of Texas, such right of way or
part thereof, immediately and as speedily as possible,
under said Title 52, Articles 3264 to 3271, inclusive,
Revised Civil Statutes of Texas, of 1925, after being
served with a copy of an order of the State Highway
Commission identifying by field notes, the part of the
Highway necessary for the construction of such desig-
nated State Highway and requesting such County Commis-
sioners Court to secure same, then and in such event
and within ten (10) days after the service of such
notice, said State Highway Commission shall direct the
Attorney General of Texas, to institute condemnation

Hon. D. C. Greer,   page 5

proceedings in the name of the State of Texas, for the
purpose of securing such right of way.  The right of
eminent domain to condemn any part of a right of way
for a State designated highway, under the conditions
herein set out is hereby conferred on the State High-
way Commission and the jurisdiction for the exercise
of such right is hereby conferred on the County Court
of Travis County.  Such condemnation proceedings shall
be instituted by the Attorney General by filing a state-
ment for condemnation with the County Judge of Travis
County, Texas, and the venue of such proceeding shall
be in Travis County, Texas, and jurisdiction and au-
thority to appoint three (3) disinterested freeholders
of Travis County, Texas, as Commissioners is hereby
conferred upon the County Judge of Travis County,
Texas, and otherwise such condemnation shall be ac-
cording to the provision of said Title 52, Articles
3264 to 3271, inclusive, Revised Civil Statutes of
Texas, of 1925."

Art. 6703 (Acts 1885), V. A. C. S., provides in part as
follows:

". . .Said (commissioners') court shall assume
and have control of the streets and alleys in all
cities and incorporated towns in Texas which have
no defacto (de facto) municipal government in the
active discharge of their official duties."

The case of Gabbert v. City of Brownwood, 176 S.W. (2d)
344, et seq., (Civ. App., Eastland, opinion by Justice Funderburk,
writ of error refused), was a suit brought by Gabbert et al to
recover for personal injuries as a result of alleged negligence
of defendant City of Brownwood, a home rule city.  Gabbert, an
employee of Banner Creameries, attempting to get into a truck
of his employer, stopped at night on a State highway in the
City of Brownwood, stepped into the open unguarded end of a
culvert which had been constructed by the State Highway Depart-
ment and fell several feet, sustaining injuries.  Hence, this
case raised the question for decision whether under the plead-
ings and the uncontroverted evidence the City of Brownwood
had jurisdiction of the particular section of the State Highway
within its limits where the accident occurred.  Another way of
stating the question it raised for decision is whether the
transfer of jurisdiction over State highways in a county
from the County Commissioners' Court of such county to the
State Highway Commission effected likewise a transfer of the
jurisdiction of the cities and towns in such county over State
highways in such cities and towns to the State Highway Commission?
Justice Funderburk wrote at great length discussing and reconciling

Hon. D. C. Greer,   page 6

the above quoted statutes and distinguishing many decisions. Inasmuch as his lengthy decision is readily available, we deem it unnecessary to quote it. Suffice it to say that he held the City of Brownwood liable for its tort by first determining and holding that the City of Brownwood had EXCLUSIVE dominion, control and jurisdiction in, upon, over and under the public streets, avenues, alleys and HIGHWAYS of the city and that though the Legislature could have transferred jurisdiction of cities and towns over particular highways therein to the State Highway Department, nevertheless it neither expressed nor implied any intention to do so. He points out that it is settled law that Art. 6673 operated to transfer the former jurisdiction of counties and/or County Commissioners' Courts over State highways within county limits to the State Highway Commission, citing Robbins v. Limestone County, 114 Tex. 345, 268 S.W. 915, and other cases.  In this connection he further states:

> "More effective than Article 6673b, as indicating Legislative construction of Article 6673, is Article 6674n, authorizing commissioners' courts at county expense, but only as agents of the State Highway Department, to condemn lands and materials for 'construction, reconstruction, or maintenance of State Highways.'  Will it be contended that this empowers county commissioners' courts to condemn lands and materials in the city limits of an incorporated city or town for state highway purposes?  Why should the power be exercised at county expense rather than city or town expense?

> "The conclusion seems to us to be inescapable that the effect of Article 6673 was to confer upon the State Highway Department only the former jurisdiction of county commissioners' courts, which, although in terms broad enough to include the former jurisdiction of cities and towns, did not do so, for the very same reason they were not included in the jurisdiction of county commissioners' courts which said article transferred to the Highway Department."

He states in effect, citing Supreme Court authorities, that the Commissioners' Court has never had jurisdiction to open up a highway within the corporate limits of a city; that such right is solely one of local self-government for the city to exercise and speaks of possible dire and grave consequences to the city and its citizens should the State Highway Department do so.

Hon. D. C. Greer, page 7

Statutes conferring right of eminent domain must be strictly followed and strictly construed in favor of owner of property sought to be taken.  Hall v. Wilbarger County, Comm. App., 55 S. W. (2d) 797.  Right of eminent domain must be exercised in accordance with strict principles governing right.  State v. Miller, Civ. App., 92 S.W. (2d) 1073.  The law having provided a specific form of procedure for acquiring property for street purposes, any other method not so authorized cannot be upheld. City of Dallas v. Bergfield, Civ. App., 245 S. W. 749; Cooleys Constitutional Limitations 8th Fd., Vol. I, p. 138.

In Adams v. Rockwall County, Texas, Comm. App., 1926, 280 S. W. 759, Justice Nickels held that Rockwall County did not have the power to condemn lands for road purposes within the corporate limits of the town of Royse.

By virtue of the holdings and reasoning in Gabbert v. City of Brownwood especially, and the holdings and reasoning generally in other cases cited, we answer your question No. one in the negative.

To answer your second question, we quote from Section 33, 20 Corpus Juris pp. 545-546:

> "Where the legislature delegates the right to exercise the power of eminent domain the grantee of the power cannot surrender, transfer, or redelegate the same to another unless expressly authorized by the statute conferring the power. . ."

The text is supported by the Texas case of Watkins v. Hopkins County, Civ. App., 72 S. W. 872.  Therefore, we answer your question No. Two in the negative.

Now in regard to your third question, Art. 5240 (Acts 1903) provides as follows:

> "When any land shall be required by the State for any character of public use, the Governor is authorized to purchase said land, or the right to the use thereof, for such purpose; or, failing to agree with the owner on the price therefor, such land may be condemned for such public use in the name of this State.  Upon the direction of the Governor, proceedings shall be instituted against the owner of the land by the Attorney General or under his direction by the district or county attorney.  Should the award of damages in the opinion

Hon. D. C. Greer, page 8

of the Governor be excessive, such award shall not be paid but the State shall pay the costs of the proceedings and no further action shall be taken."

Article 1107, V.A.C.S., provides in part as follows:

"An incorporated city or town shall have the right of eminent domain to condemn private property for either of the following purposes:

"1. To open, change or widen any public street, avenue or alley. . . ."

Article 1202, V.A.C.S., provides in part as follows:

"Subject to the terms hereof, the governing body of a city may lay out, open, establish, widen, straighten, or extend any highway within its limits, and purchase, condemn, and take property therefor. . . ."

Article 1203, V.A.C.S., provides in part as follows:

"Cities may purchase by agreement with the owner any property, all or part of which in the opinion of the governing body is necessary for the making of improvements under the terms hereof, and pay for same out of any funds available. . . ."

We have been unable to find any authorities construing the powers of the Governor under Art. 5240. However, we conclude that Arts. 1175, 1082, 1086, 1107(1), 1202, and 1203, supra, are to be construed in para materia and as giving cities exclusive dominion, control, right to purchase rights of way, and right of eminent domain and jurisdiction over public streets and highways within the corporate limits of home rule cities. The Legislature having enacted general statutes making a general provision for all cases (as for example, all highways in all Counties) and having further enacted statutes making special provisions for a particular case or class (as for example, highways in cities and towns) the former yields and the latter prevails, insofar as the particular case or class is concerned. Gabbert vs. City of Brownwood, supra.

We therefore answer your third question in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By: Joe McCasland
Assistant

APPROVED
OPINION COMMITTEE
BY BWB
CHAIRMAN

JM:djm